Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FRANK FRANCIS COLACURCIO SR., FRANK FRANCIS COLACURCIO JR., LEROY RICHARD CHRISTIANSEN, DAVID CARL EBERT, STEVEN MICHAEL FUESTON, JOHN GILBERT CONTE, D.C.E. INC., MM MR RM CORPORATION, and LLC EVERETT I,<br><br>Defendants. | No. CR09-0209 RAJ<br><br>DEFENDANT LEROY CHRISTIANSEN'S REPLY RE: MOTION TO AMEND CONDITIONS OF RELEASE<br><br>**NOTING DATE: AUGUST 14, 2009**<br><br>**ORAL ARGUMENT REQUESTED** |



YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

## I. INTRODUCTION

The no contact and no employment conditions imposed on defendant Leroy Christiansen – allegedly aimed at preventing obstruction – are unreasonable and unwarranted. Mr. Christiansen has never engaged in obstruction of justice or witness tampering before and there is no reason to think he will in connection with this case. He has never before been arrested or convicted of *any* crime. The government has not cited to or proffered a *single instance* when Mr. Christiansen destroyed documents to subvert or hinder an investigation. And the government presents no evidence whatsoever that Mr. Christiansen has ever tampered or had improper contact with a witness. In fact, the *only* conduct that the government cites *pre-dates* defendant Christiansen's knowledge of any federal investigation regarding the nightclubs, and involved only the disposal of business records performed without any knowledge or intent to thwart an investigation. The government did not even charge this conduct as obstruction of justice in its indictment, and there is no evidence that, once Mr. Christiansen became aware of the government's investigation, he destroyed or tampered with any evidence or with witnesses.

Furthermore, the government has presented no compelling reason to prohibit Mr. Christiansen from participating in management of the nightclubs. The evidence shows that Mr. Christiansen's routine management practice was to counsel dancers to abide by the applicable state laws regarding their conduct. Evidence of this is contained on the government's own wiretaps—when Mr. Christiansen had no reason to believe he was being recorded. Moreover, the government, no doubt, has in its possession witness interview memoranda corroborating the fact that Mr. Christiansen discouraged prostitution at the clubs, but refuses to provide that information in discovery or in connection with this hearing.[1]

[1] On August 13, 2009, counsel for Mr. Christiansen and the prosecutors met pursuant to Local Rule 16 to discuss discovery. At that meeting, the prosecutors provided no discovery, and stated that Mr. Christiansen's counsel would have to wait two weeks to begin receiving discovery (conveniently long after a response to this bail motion or a hearing on it would take place). Of course, the local discovery rules require that prosecutors



YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

In its response, the government continues to blur the facts and obscure the differences among the defendants for the purposes of showing a risk to the community. In doing so, the government has painted an inaccurate picture of Mr. Christiansen—it has taken his statements out of context, attributed the statements and conduct of others to him, and ignored his own exculpatory statements and conduct. On this set of weak facts, the government asks the Court to severely limit Mr. Christiansen's freedom before he has been convicted of any crime. The Court has not been presented with sufficient accurate individualized information about any risks relating to Mr. Christiansen to warrant imposition of these onerous pretrial conditions on his release. As such, the government cannot meet the standard necessary for the imposition of these conditions, namely, that they are the "least restrictive conditions" available – they clearly are not.

## II. DISCUSSION

### A. The Evidence Does Not Support the No Contact or No Employment Conditions.

Careful review of the ninety-plus pages of exhibits the government submitted in its response reveals that the government has presented no evidence that suggests Mr. Christiansen poses an obstruction risk.[2] The government has offered no document or recording even suggesting that Mr. Christiansen ever tampered with a witness, either before or after he learned of any criminal investigation. The government cites as its main support for the "no contact" condition an allegation in the indictment regarding an April 2, 2008

---

provide discovery information within two weeks of the arraignment. Local Cr. R. 16(a). The prosecutors further declared that they would not provide defense counsel with witness statements or grand jury transcripts now and refused to disclose when those materials would be provided. (2nd Supp. Ostrovsky Decl. ¶ 2.) It is curious that at the same time prosecutors are proffering evidence of obstruction and ongoing prostitution on this motion, the prosecutors refuse to turn over the very evidence that might presumably prove those assertions, even though such witness information is routinely provided in other cases.

[2] Many of the wiretap recordings and other discussions referenced by the government relate only to Frank Colacurcio Jr.—who is not appealing the magistrate's conditions and is, in any event, not presently involved in management of the clubs—and do not involve Mr. Christiansen. It is entirely inappropriate for the government to impute the conduct or intentions of one defendant to another for the purposes of imposing bail conditions.



YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

conversation in which Messrs. Colacurcio Jr. and Christiansen allegedly "referred to directing one of their Talents West office employees to destroy the incriminating evidence." (Gov't Resp. at 5.) Defendants did no such thing. Instead, during this conversation, Messrs. Christiansen and Colacurcio Jr. discussed a number of topics, including management issues, dancers who had recently committed conduct violations, and potential new employees. (2nd Supp. Ostrovsky Decl. ¶ 4 & Ex. A.) The government's rough transcript of the conversation shows that, unrelated to any other topic, defendants discussed cleaning their office and having an employee tear up "notes." *Id*. There is no indication that defendants were disposing of the notes for some nefarious purpose. Under the government's theory, the document destruction practices of any business constitutes a crime.

Additionally, the government offers an April 8 conversation in which Mr. Christiansen instructed his employee to write "derogatories" on one sheet of paper rather than another. The government cites Agent Cote's affidavit in which Agent Cote alleges that Mr. Christiansen requested that the employee record "serious violations" on "separate sheets of paper, that presumably would be destroyed." (Gov't Resp., Ex. C, Cote Affidavit at 7.) But neither this, nor any other conversation the government has offered against Mr. Christiansen, says anything about destroying records of the dancer's violations. (*See* 2nd Supp. Ostrovsky Decl., Ex. B.) The government also argues that "defendants directed their employees to conceal the unlawful prostitution activities at the clubs." (Gov't Resp. at 10.) The only evidence related to Mr. Christiansen in this regard is an instruction he gave to a manager to be "more discrete" [sic] when she reprimands a dancer for engaging in improper behavior. (*See* Gov't Resp., Ex. F, Cote Aff. at 52.) This is hardly evidence of obstruction.

The government further argues that Mr. Christiansen "manufactured" exculpatory conversations with dancers to distance himself from prostitution at the clubs. The government *presumes* that Mr. Christiansen's conversations were fake, but has presented no



YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

evidence supporting that presumption. Counseling employees in a highly regulated industry to obey the law is not obstruction or witness tampering.

The government claims that the disposal of records and "manufacturing" of exculpatory conversations was performed when Mr. Christiansen knew that "law enforcement was mounting a large-scale investigation of the Talents West clubs." (Gov't Resp. at 6.) At best, the government's evidence shows that defendants knew that local law enforcement was continuing to ticket and arrest dancers for various forms of misconduct, as it had done throughout the clubs' histories. The government cites several surreptitiously recorded conversations in which defendants allegedly discussed SPD raids of the clubs, potential police informants working at the clubs, and getting arrested.[3] (Gov't Resp., Exs. B at 13, 18–19; C at 6–8, 18.) The government's descriptions of these conversations are inaccurate. (*See* 2nd Supp. Ostrovsky Decl. ¶¶ 6 & 7 & Exs. C & D.) For example, contrary to the government's suggestion in its brief, none of the documents presented to the Court contain conversations in which any of the defendants discuss the "feds" or the "FBI" investigating the clubs. (*See* Gov't Resp. at 7.) And when defense counsel asked the government for documentation of such conversations, the only evidence the government supplied regarding Mr. Christiansen's knowledge were two conversations on April 8, 2008 in which Mr. Colacurcio Jr. and Mr. Christiansen discuss an article that mentions that the FBI investigated the clubs in 2006. (2nd Supp. Ostrovsky Decl. ¶ 8 & Ex. E.) These random comments are not proof that defendants knew that the federal government was mounting a RICO case against them, and there is certainly no evidence that, in response to such suspicions, an effort was made to destroy documents or tamper with witnesses.

The government argues that the no employment condition is necessary because the government has *alleged* that defendants promoted prostitution and *proffered* that prostitution

[3] It is worth noting that the government has not even suggested that defendants harassed or punished those employees they purportedly believed were police informants.



YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

continues in the clubs. This argument has several flaws. First, the charges in the indictment are not proof of a safety risk. If that were the case, it would entirely negate the purpose of the Bail Statute—*i.e.* to determine whether individuals charged with crimes pose a flight or safety risk. Second, the government's proffer should not be accepted as evidence of an ongoing crime risk here. If the government has documented evidence of ongoing prostitution under the supervision of Mr. Christiansen, it should be required to present it to the Court. It is unfair to prohibit Mr. Christiansen from working in the legitimate business he owns without giving him the opportunity to evaluate the evidence against him.

The government's assertion that the risk of witness tampering is greater now than before the indictment was handed down is illogical. Yes, defendants know that the government has charged them with serious federal crimes. But they are also on bond and know that any conduct of this sort will land them in jail pending trial and risk additional charges or sentencing enhancements. Given the extent of the government's apparent infiltration into the clubs, defendants would be foolish to risk harassing or pressuring any potential witnesses, even if the government had a shred of evidence that they had any inkling to do so. And destroying any documents would be pointless in light of the scope of evidence the government has already gathered and the fact that the government's own indictment says that the conspiracy ended a year ago.

Finally, the government's concern about ongoing prostitution in the clubs rings hollow when the government suggests that defendants replace themselves with current "employees who have worked for them for years and whom the defendants have previously placed in positions of trust." (Gov't Resp. at 21.) Presumably, these are the same employees who have been with defendants when they (allegedly) "managed and operated their strip clubs and related entities in a manner that permitted, facilitated, and promoted prostitution." (*Id*. at 16.) If the government were truly concerned about eliminating prostitution in the clubs (and not, as defendants expect, running the clubs into the ground), it would not suggest



YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

turning over governance of the clubs to the same individuals who have been helping defendants manage the clubs for years.

### B. The No Contact and No Employment Conditions Are Overbroad and Not Reasonably Calculated to Serve the Government's Purpose.

Because the government has not presented *any evidence* that Mr. Christiansen tampered with witnesses at any time, the broad no contact rule is not reasonably calculated to prevent a risk to the community. Confusingly, the government supports its request for this condition in part on the assertion that defendants should already know who the witnesses are. That makes little sense. Whether Mr. Christiansen knows who the witnesses are or not, there is no evidence that he will harass, threaten, or improperly pressure anyone. Moreover, defendants employ hundreds of dancers and serve thousands of customers. They cannot possibly be expected to know *who* among those many individuals may be witnesses. The government should be required to provide defendants with a witness list so that defendants can avoid having case-related contact with those individuals.[4]

The government has cited a number of bond orders as proof of this district's willingness to impose no contact and no employment conditions on defendants. (Gov't Resp. at 19–20.) Mr. Christiansen does not dispute the fact that in certain cases such conditions are deserved. But we do not know what evidence warranted imposition of those conditions in those cases. The fact remains here that there is a dearth of any such evidence.

## III. CONCLUSION

On the weak basis of the allegations in the indictment and a few misrepresented remarks, the government asks the Court to severely restrict Mr. Christiansen's pretrial freedom. Mr. Christiansen requests that the Court reject the conditions imposed by the

---

[4] Defendant Christiansen also takes issue with the government's assertion that the work environment at the clubs is "per se" coercive. (Gov't Resp. at 15.) The government's only "evidence" of coerciveness is the fact that defendants are the dancers' managers. The employer/employee relationship is not "per se" coercive.



YARMUTH WILSON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888

magistrate judge and enter the alternative no-improper-contact condition offered by defendants.

Respectfully submitted this 14th day of August, 2009.

YARMUTH WILSDON CALFO PLLC

By: */s/ Angelo J. Calfo*
Angelo J. Calfo, WSBA No. 27079
Patricia Eakes, WSBA No. 18888
Andrea D. Ostrovsky, WSBA No. 37749
818 Stewart Street, Suite 1400
Seattle, Washington 98101
Phone: 206.516.3800
Fax: 206.516.3888
e-mail: acalfo@yarmuth.com
peakes@yarmuth.com
aostrovsky@yarmuth.com

*Counsel for Defendant Leroy Christiansen*

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

| | |
|---|---|
| Richard A. Hansen | richard@ahmlawyers.com, |
| Irwin H. Schwartz | irwin@ihschwartz.com |
| John Winn Wolfe | jwolfe@wwzlaw.com |
| Robert G. Chadwell | rgc1@mckay-chadwell.com |
| Patrick Joseph Preston | pjp@mckay-chadwell.com |
| Amanda E. Lee | lee@sgb-law.com |
| Tessa M. Gorman | Tessa.Gorman@usdoj.gov |
| Richard Edward Cohen | Richard.E.Cohen@usdoj.gov |
| Todd Greenberg | Todd.Greenberg4@usdoj.gov |
| Colette Tvedt | tvedt@sgb-law.com |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 14th day of August, 2009 at Seattle, Washington.

/s/ *Sonja Rasmussen*
Sonja Rasmussen
Legal Assistant



YARMUTH WILSDON CALFO
818 STEWART STREET, SUITE 1400
SEATTLE WASHINGTON 98101
T 206.516.3800 F 206.516.3888